IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CLINTON CRESSIONNIE                                                                                           PLAINTIFF

v.                                                                                                        No. 4:04CV186-A-A

JEFFERY HAMPLE, ET AL.                                                                                 DEFENDANTS

## ORDER DENYING DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT

This matter comes before the court on the motion by defendant Jeffery Hample for summary judgment on the *pro se* plaintiff's claims brought under 42 U.S.C. § 1983. The plaintiff's sole remaining claim is whether defendant Jeffery Hample's act of issuing a rule violation report against the plaintiff was motivated by a desire to retaliate against him for contacting the family, attorney of an inmate who killed himself while incarcerated, as well as the media. The plaintiff admits that he used another inmate's PIN code to contact people outside of the prison – and thus that the allegations in the rule violation report are true. The Fifth Circuit held that, despite the validity of the rule violation report and the punishment for the admitted rule violation, if Hample submitted the rule violation report because he wished to retaliate against the plaintiff for his contact with the media and others outside of the prison, then the plaintiff could recover on his claim of retaliation. Defendant Hample argues nonetheless that the plaintiff's allegations fail to state a claim of retaliation – and that the plaintiff has not adduced proof sufficient to survive the instant motion for summary judgment. For the reasons set forth below, the instant motion shall be denied.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d

427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Discussion

The instant motion for summary judgment shall be denied for two reasons. First, the Fifth Circuit Court of Appeals held in its June 28, 2006, memorandum opinion and judgment in this case that the plaintiff's claim of retaliation is cognizable under 42 U.S.C. § 1983 because he "alleged a chronology of events from which a retaliatory motivation on the part of Hample and causation could plausibly be inferred." As the Fifth Circuit has already ruled on this issue, the court holds Hample's first argument to be without merit. Second, given the nature of the allegations, the plaintiff's claim of retaliation cannot reasonably be resolved through a motion for summary judgment. Hample's motivation for issuing the rule violation report is a genuine and contested issue of material fact – and could only legitimately be determined through testimony and cross-examination. As such, defendant Hample's motion for summary judgment is hereby **DENIED.**

**SO ORDERED,** this the 21st day of April, 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**